IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERAD TECHNOLOGIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC BROADBAND FINANCE, LLC; AT&T, INC.; BRIGHT HOUSE NETWORKS, LLC; CABLE ONE, INC.; CEQUEL COMMUNICATIONS, LLC; CHARTER COMMUNICATIONS HOLDING COMPANY, LLC; CHARTER COMMUNICATIONS, INC.; COMCAST CORPORATION; COX COMMUNICATIONS, INC.; CSC HOLDINGS LLC; DIRECTV, INC.; ECHOSTAR TECHNOLOGIES, L.L.C; ECHOSTAR CORPORATION; DISH NETWORK L.L.C.;INSIGHT COMMUNICATIONS COMPANY, INC.; KNOLOGY, INC.; MEDIACOM BROADBAND LLC; RCN TELECOM SERVICES, LLC; TIME WARNER CABLE INC.; AND VERIZON, INC.,<br><br>Defendants. | Civil Action No.<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff InterAD Technologies, LLC ("InterAD") alleges as follows:

PARTIES

1. InterAD is a Texas limited liability company with a principal place of business at 719 W. Front Street, Suite 244, Tyler, TX 75702.

2. On information and belief, Defendant Atlantic Broadband Finance, LLC ("Atlantic Broadband") is a Delaware limited liability company with a principal place of business at 1 Batterymarch Park, Suite 405, Quincy, Massachusetts 02169.

3. On information and belief, Defendant AT&T, Inc. ("AT&T") is a Delaware corporation with its principal place of business at 175 E. Houston, San Antonio, Texas 78205.

4. On information and belief, Defendant Bright House Networks, LLC ("Bright House") is a Delaware limited liability company with a principal place of business at 5000 Campuswood Drive, East Syracuse, New York 13057.

5. On information and belief, Defendant Cable One, Inc. ("Cable One") is a Delaware corporation with a principal place of business at 1314 North 3rd Street, 3rd Floor, Phoenix, Arizona 85004.

6. On information and belief, Defendant Cequel Communications, LLC ("Cequel") is a Delaware limited liability company with a principal place of business at 12444 Powerscourt Drive, Suite 450, St. Louis, Missouri 63131.

7. On information and belief, Defendant Charter Communications Holding Company, LLC is a Delaware limited liability company with a principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131. Defendant Charter Communications, Inc. is a Delaware corporation with a principal place of business at the same address. Defendants Charter Communications Holding Company and Charter Communications are hereinafter referred to collectively as "Charter."

8. On information and belief, Defendant Comcast Corporation ("Comcast") is a Pennsylvania corporation with a principal place of business at One Comcast Center, Philadelphia, Pennsylvania 19103.

9. On information and belief, Defendant Cox Communications, Inc. ("Cox") is a Delaware corporation with a principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

10. On information and belief, Defendant CSC Holdings LLC ("Cablevision") is a Delaware limited liability company with a principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

11. On information and belief, Defendant DirecTV, Inc. ("DirecTV") is a Delaware Corporation with its principal place of business at 2230 East Imperial Highway, El Segundo, CA 90245.

12. On information and belief, defendant EchoStar Technologies, L.L.C. ("EchoStar Tech.") is a Texas limited liability company with a principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

13. On information and belief, defendant EchoStar Corporation ("EchoStar Corp.") is a Nevada corporation with a principal place of business at 100 Inverness Terrace East, Englewood, Colorado 80112.

14. On information and belief, defendant DISH Network L.L.C. ("Dish") is a Colorado limited liability company with a principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112. EchoStar Tech., EchoStar Corp. and Dish are collectively referred to as "Dish Network."

15. On information and belief, Defendant Insight Communications Company, Inc. ("Insight") is a Delaware corporation with a principal place of business at 810 7th Avenue, New York, New York 10019.

16. On information and belief, Defendant Knology, Inc. is a Delaware corporation with a principal place of business at 1241 O.G. Skinner Drive, West Point, Georgia 31833.

17. On information and belief, Defendant Mediacom Broadband LLC ("Mediacom") is a Delaware limited liability company with a principal place of business at 100 Crystal Run Road, Middletown, New York 10941.

18. On information and belief, Defendant RCN Telecom Services, LLC ("RCN") is a Delaware limited liability company with a principal place of business at 196 Van Buren Street, Suite 300, Herndon, Virginia 20170.

19. On information and belief, Defendant Time Warner Cable Inc. is a Delaware corporation with a principal place of business at 60 Columbus Circle, New York, New York 10023.

20. On information and belief, Defendant Verizon Communications, Inc. ("Verizon") is a Delaware corporation with its principal place of business at 140 West Street, New York, New York 10007.

## JURISDICTION AND VENUE

21. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

22. Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because each defendant is subject to personal jurisdiction in this district, has committed or induced acts of patent infringement in this district, or has a regular and established place of business in this district.

## COUNT I

## (Infringement of U.S. Patent No. 5,438,355)

23. InterAD is the owner by assignment of United States Patent No. 5,438,355 ("the '355 patent"), entitled "Interactive System for Processing Viewer Responses to Television Programming." The '355 patent issued on August 1, 1995. A true and correct copy of the '355 patent is attached hereto as Exhibit A.

24. Defendant Atlantic Broadband has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Atlantic Broadband has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

25. Defendant AT&T has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of

the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, AT&T has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

26. Defendant Bright House has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Bright House has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

27. Defendant Cable One has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or

selling such products and services, and all like products and services, Cable One has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

28. Defendant Cequel has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Cequel has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

29. Defendant Charter has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Charter has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

30. Defendant Comcast has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other

things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services and its interactive advertising systems iTV and Request for Information. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Comcast has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

31. Defendant Cox has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Cox has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

32. Defendant Cablevision has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Cablevision has injured

InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

33. Defendant DirecTV has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services and its interactive advertising system, DirecTV active. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, DirecTV has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

34. Defendant Dish Network has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services and interactive shopping systems. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Dish Network has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

35. Defendant Insight has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other

things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Insight has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

36. Defendant Knology has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Knology has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

37. Defendant Mediacom has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Mediacom has injured

InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

38. Defendant RCN has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, RCN has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

39. Defendant Time Warner Cable has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Time Warner Cable has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

40. Defendant Verizon has been and now is directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer

responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, interactive Video-On-Demand services and interactive shopping systems. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Verizon has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271.

41. To the extent that facts learned in discovery show that any one of the Defendants' infringement of the '355 patent is or has been willful, Plaintiff InterAD reserves the right to request such a finding at time of trial.

42. As a result of each defendant's infringement of the '355 patent, InterAD has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

43. Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '355 patent, InterAD will suffer irreparable harm.

## PRAYER FOR RELIEF

InterAD prays for the following relief:

1. A judgment that each defendant has infringed the '355 patent;

2. A permanent injunction enjoining each defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with it from infringing the '355 patent;

3. An accounting for damages arising from the infringement of the '355 patent by each defendant and all those in privity with it, including loss of market share;

4. An award of damages proximately caused by each defendant's acts of infringement, at least under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to InterAD its reasonable attorneys' fees against each defendant;

6. An award of pre-judgment and post-judgment interest against each defendant; and

7. Any and all other relief to which InterAD may show itself to be entitled.

DEMAND FOR JURY TRIAL

InterAD demands a trial by jury on all issues so triable.

September 15, 2011

BAYARD, P.A.

/s/ *Richard D. Kirk*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
InterAD Technologies, LLC

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com