IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| InterAD Technologies, LLC<br><br>Plaintiff,<br><br>v.<br><br>Atlantic Broadband Finance, LLC; AT&T Inc.; Bright House Networks, LLC; Cable One, Inc.; Cequel Communications, LLC; Charter Communications Holding Company, LLC; Charter Communications, Inc.; Comcast Corporation; Comcast Cable Communications, LLC; Comcast Spotlight, LLC; Cox Communications, Inc.; CSC Holdings LLC; DirecTV, Inc.; EchoStar Technologies, L.L.C; EchoStar Corporation; DISH Network L.L.C.; Insight Communications Company, Inc.; Knology, Inc.; Mediacom Broadband LLC; RCN Telecom Services, LLC; Time Warner Cable Inc.; and Verizon Communications Inc.,<br><br>Defendants. | Civil Action No. 1:11-cv-00837-JEI-KW<br><br>DEMAND FOR JURY TRIAL |

## FIRST AMENDED COMPLAINT

Plaintiff InterAD Technologies, LLC ("InterAD") alleges as follows:

## PARTIES

1. InterAD is a Texas limited liability company with a principal place of business at 719 W. Front Street, Suite 244, Tyler, TX 75702.

2. On information and belief, Defendant Atlantic Broadband Finance, LLC ("Atlantic Broadband") is a Delaware limited liability company with a principal place of business at 1 Batterymarch Park, Suite 405, Quincy, Massachusetts 02169.

3. On information and belief, Defendant AT&T, Inc. ("AT&T") is a Delaware corporation with its principal place of business at 175 E. Houston, San Antonio, Texas 78205.

4. On information and belief, Defendant Bright House Networks, LLC ("Bright House") is a Delaware limited liability company with a principal place of business at 5000 Campuswood Drive, East Syracuse, New York 13057.

5. On information and belief, Defendant Cable One, Inc. ("Cable One") is a Delaware corporation with a principal place of business at 1314 North 3rd Street, 3rd Floor, Phoenix, Arizona 85004.

6. On information and belief, Defendant Cequel Communications, LLC ("Cequel") is a Delaware limited liability company with a principal place of business at 12444 Powerscourt Drive, Suite 450, St. Louis, Missouri 63131.

7. On information and belief, Defendant Charter Communications Holding Company, LLC is a Delaware limited liability company with a principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131. Defendant Charter Communications, Inc. is a Delaware corporation with a principal place of business at the same address. Defendants Charter Communications Holding Company and Charter Communications are hereinafter referred to collectively as "Charter."

8. Defendant Comcast Corporation ("Comcast Corp.") is a Pennsylvania corporation with a principal place of business at One Comcast Center, Philadelphia, Pennsylvania 19103. Defendant Comcast Cable Communications, LLC ("Comcast Cable" and collectively with Comcast Corp., "Comcast") is a Delaware limited liability company with a principal place of business at One Comcast Center, Philadelphia, Pennsylvania 19103. On information and belief, Defendant Comcast Spotlight, LLC is a Delaware limited liability company with a principal place of business at 1201 North Market Street, Suite 1000, Wilmington, Delaware 19801. Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Spotlight, LLC shall be referred to collectively as "Comcast."

9. On information and belief, Defendant Cox Communications, Inc. ("Cox") is a Delaware corporation with a principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

10. On information and belief, Defendant CSC Holdings LLC ("Cablevision") is a Delaware limited liability company with a principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

11. On information and belief, Defendant DirecTV, Inc. ("DirecTV") is a Delaware Corporation with its principal place of business at 2230 East Imperial Highway, El Segundo, CA 90245.

12. On information and belief, defendant EchoStar Technologies, L.L.C. ("EchoStar Tech.") is a Texas limited liability company with a principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

13. On information and belief, defendant EchoStar Corporation ("EchoStar Corp.") is a Nevada corporation with a principal place of business at 100 Inverness Terrace East, Englewood, Colorado 80112.

14. On information and belief, defendant DISH Network L.L.C. ("Dish") is a Colorado limited liability company with a principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112. EchoStar Tech., EchoStar Corp. and Dish are collectively referred to as "Dish Network."

15. On information and belief, Defendant Insight Communications Company, Inc. ("Insight") is a Delaware corporation with a principal place of business at 810 7th Avenue, New York, New York 10019.

16. On information and belief, Defendant Knology, Inc. is a Delaware corporation with a principal place of business at 1241 O.G. Skinner Drive, West Point, Georgia 31833.

17. On information and belief, Defendant Mediacom Broadband LLC ("Mediacom") is a Delaware limited liability company with a principal place of business at 100 Crystal Run Road, Middletown, New York 10941.

18. On information and belief, Defendant RCN Telecom Services, LLC ("RCN") is a Delaware limited liability company with a principal place of business at 196 Van Buren Street, Suite 300, Herndon, Virginia 20170.

19. On information and belief, Defendant Time Warner Cable Inc. ("Time Warner Cable") is a Delaware corporation with a principal place of business at 60 Columbus Circle, New York, New York 10023.

20. On information and belief, Defendant Verizon Communications, Inc. ("Verizon") is a Delaware corporation with its principal place of business at 140 West Street, New York, New York 10007.

JURISDICTION AND VENUE

21. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

22. Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because each defendant is subject to personal jurisdiction in this district, has committed or induced acts of patent infringement in this district, or has a regular and established place of business in this district.

COUNT I

(Infringement of U.S. Patent No. 5,438,355)

23. InterAD is the owner by assignment of United States Patent No. 5,438,355 ("the '355 patent"), entitled "Interactive System for Processing Viewer Responses to Television Programming." The '355 patent issued on August 1, 1995. A true and correct copy of the '355 patent is attached hereto as Exhibit A.

24. Defendant Atlantic Broadband has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, Atlantic Broadband's consoles and remote controls provided to customers as well as its On Demand and Pay-Per-View products. Atlantic Broadband also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since

at least after being served with the Complaint in this action, Atlantic Broadband has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the ‘355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Atlantic Broadband has induced infringement, and continues to induce infringement, of one or more of the claims of the ‘355 patent, with specific intent that its products be used by Atlantic Broadband’s customers to infringe the ‘355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Atlantic Broadband has injured InterAD and is thus liable to InterAD for infringement of the ‘355 patent pursuant to 35 U.S.C. § 271. Finally, Atlantic Broadband’s acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

25. Defendant AT&T has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the ‘355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, AT&T’s U-Verse consoles and remote controls provided to customers as well as its U-Verse On Demand, U-Verse Pay-Per-View, Interactive Television Advertising and Enhanced Overlay Advertising products. AT&T also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‘355 patent by its customers. Since at least after being served with the Complaint in this action, AT&T has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the ‘355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or

commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, AT&T has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by AT&T's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, AT&T has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, AT&T's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

26. Defendant Bright House has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its On Demand and Pay-Per-View products. Bright House also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Bright House has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Bright House has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Bright House's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and

services described above, and all like products and services, Bright House has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Bright House's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

27. Defendant Cable One has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its Pay-Per-View products. Cable One also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Cable One has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Cable One has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Cable One's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Cable One has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Cable One's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

28. Defendant Cequel has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its Suddenlink On Demand and Pay-Per-View products. Cequel also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Cequel has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Cequel has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Cequel's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Cequel has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Cequel's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

29. Defendant Charter has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to

the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its On Demand, Pay-Per-View and Charter Interactive TV products. Charter also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Charter has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Charter has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Charter's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Charter has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Charter's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

30. Defendant Comcast has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its Xfinity On Demand, Pay-Per-View and Interactive Television (iTV) products. Comcast also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since

at least after being served with the Complaint in this action, Comcast has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Comcast has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Comcast's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Comcast has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Comcast's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

31. Defendant Cox has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its On DEMAND, Pay-Per-View and Express Link products. Cox also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Cox has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Cox has induced infringement, and continues to

induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Cox's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Cox has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Cox's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

32. Defendant Cablevision has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its iO TV On Demand and Pay Per View products and Cablevision's Interactive TV (through Cablevision's Advanced Platforms). Cablevision also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Cablevision has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Cablevision has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Cablevision's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Cablevision has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Cablevision's

acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

33. Defendant DirecTV has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its DirecTV On Demand, DirecTV Cinema and DirecTV Active products. DirecTV also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, DirecTV has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, DirecTV has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by DirecTV's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, DirecTV has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, DirecTV's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

34. Defendant Dish Network has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing,

offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its Video On Demand, Pay-Per-View and Interactive Television (iTV) products. Dish Network also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Dish Network has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Dish Network has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Dish Network's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Dish Network has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Dish Network's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

35. Defendant Insight has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its On Demand, Pay-Per-View and Smart Surfing products.

Insight also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Insight has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Insight has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Insight's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Insight has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Insight's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

36. Defendant Knology has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its Video On Demand and Pay-Per-View products. Knology also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Knology has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or

commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Knology has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Knology's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Knology has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Knology's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

37. Defendant Mediacom has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its On Demand and Pay-Per-View products. Mediacom also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Mediacom has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Mediacom has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Mediacom's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and

services described above, and all like products and services, Mediacom has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Mediacom's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

38. Defendant RCN has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its ON DEMAND and Pay-Per-View products. RCN also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, RCN has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, RCN has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by RCN's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, RCN has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, RCN's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

39. Defendant Time Warner Cable has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial

district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls provided to customers as well as its ON DEMAND and Pay-Per-View products. Time Warner Cable also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Time Warner Cable has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Time Warner Cable has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Time Warner Cable's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Time Warner Cable has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Time Warner Cable's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

40. Defendant Verizon has been and now is directly (literally and under the doctrine of equivalents) infringing at least claims 1, 2 and 4 of the '355 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products for processing viewer responses to television programming, including a central exchange and a plurality of consoles that transmit a first and second code to the central exchange wherein at least one of the codes is associated with program data. Such products include, by way of example and without limitation, consoles and remote controls

provided to customers as well as its FiOS Video On Demand and Pay Per View products. Verizon also has been indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '355 patent by its customers. Since at least after being served with the Complaint in this action, Verizon has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '355 patent by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, since at least after being served with the Complaint in this action, Verizon has induced infringement, and continues to induce infringement, of one or more of the claims of the '355 patent, with specific intent that its products be used by Verizon's customers to infringe the '355 patent. By making, using, importing, offering for sale, and/or selling the products and services described above, and all like products and services, Verizon has injured InterAD and is thus liable to InterAD for infringement of the '355 patent pursuant to 35 U.S.C. § 271. Finally, Verizon's acts of infringement have been willful under 35 U.S.C. § 284 since at least the date it was served with the Complaint in this action.

41. As a result of each defendant's infringement of the '355 patent, InterAD has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

42. Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '355 patent, InterAD will suffer irreparable harm.

## PRAYER FOR RELIEF

InterAD prays for the following relief:

1. A judgment that each defendant has infringed (either literally or under the doctrine of equivalents), directly or indirectly, by way of inducing or contributing to the infringement of, one more of the claims of the '355 patent;

2. A judgment that such infringement has been willful;

3. A permanent injunction enjoining each defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with it from infringing the ‘355 patent;

4. An accounting for damages arising from the infringement of the ‘355 patent by each defendant and all those in privity with it, including loss of market share;

5. An award of damages proximately caused by each defendant’s acts of infringement, at least under 35 U.S.C. § 284;

6. An award to InterAD for enhanced damages equal to treble the amount of actual damages, for the willful nature of each defendant’s acts of infringement, with notice being made as least as early as the date of the filing of the complaint, as provided under 35 U.S.C. § 284;

7. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to InterAD its reasonable attorneys’ fees against each defendant;

8. An award of pre-judgment and post-judgment interest against each defendant; and

9. Any and all other relief to which InterAD may show itself to be entitled.

DEMAND FOR JURY TRIAL

InterAD demands a trial by jury on all issues so triable.

December 5, 2011

BAYARD, P.A.

/s/ *Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
InterAD Technologies, LLC

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com